```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
WELLS FARGO BANK, NATIONAL ASSOCIATION,                                :
AS TRUSTEE FOR MORGAN STANLEY BANK OF                                  :
AMERICA MERRILL LYNCH TRUST 2013-C9,                                   :
COMMERCIAL MORTGAGE PASS-THROUGH                                       :   21 Civ. 6059 (JPC)
CERTIFICATES, SERIES 2013-C9,                                          :
                                                                       :              ORDER
                                        Plaintiff,                     :
                                                                       :
             -v-                                                       :
                                                                       :
700 MILFORD HOLDINGS LLC et al.,                                       :
                                                                       :
                                        Defendants.                    :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

This foreclosure action involves the land underlying the former Milford Plaza Hotel, located at 700 Eighth Avenue in Manhattan. Plaintiff seeks to foreclose on a mortgage after the default of the borrower, Defendant 700 Milford Holdings LLC, and also sues the property's tenant and subtenant, both limited partnerships, as well as various other entities. Plaintiff, allegedly a citizen of South Dakota, asserts only this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. While the amount-in-controversy threshold is plainly met, Plaintiff has not established by a preponderance of the evidence the diverse citizenship of the tenant and subtenant. The Court therefore grants 700 Milford Holding's motion to dismiss for lack of subject matter jurisdiction.

## I. Background

Plaintiff Wells Fargo Bank, N.A. sues as the trustee of a trust, the Morgan Stanley Bank of America Merrill Lynch Trust 2013-C9, Commercial Mortgage Pass-Through Certificates, Series 2013-C9 (the "Trust"). Dkt. 58 ("SAC") ¶ 1. Plaintiff alleges that both itself and the Trust are

citizens of South Dakota, where Wells Fargo is incorporated and has its principal place of business. *Id.* In March 2013, 700 Milford Holdings LLC borrowed $275,000,000 from Morgan Stanley Capital Holdings LLC ("Morgan Stanley"). *Id.* ¶¶ 24-25. As part of the transaction, 700 Milford Holdings made three promissory notes in favor of Morgan Stanley. *Id.* ¶ 27. Through assignments, the Trust acquired Morgan Stanley's interests in the promissory notes. *Id.* ¶¶ 28-30. To secure the debt, Morgan Stanley also received a first-priority mortgage on the property located at 700 Eighth Avenue. *Id.* ¶¶ 2, 40, 45.[1] Morgan Stanley subsequently assigned that mortgage to the Trust as well. *Id.* ¶ 41. 700 Milford Holdings failed to make required interest payments on the debt from May 5, 2020 through July 5, 2021. *Id.* ¶ 53. As a result of that default, Plaintiff, as the Trust's trustee, has sued to foreclose on the mortgage. *Id.* ¶ 67.

In addition to 700 Milford Holdings, Plaintiff brings claims against a variety of other defendants. Among them are David Werner, allegedly the guarantor of the loan, and RP/HH Milford Plaza Ground Tenant, LP and RP/HH Milford Plaza Lessee, LP (the "LP Defendants"), allegedly the tenant and the subtenant in 700 Eighth Avenue, respectively. *Id.* ¶¶ 3-5. As part of the foreclosure, Plaintiff seeks to extinguish the LP Defendants' interests in the property. *Id.* ¶¶ 4-5. The LP Defendants have not yet appeared in this action.

Plaintiff commenced this action on July 15, 2021, Dkt. 1, initially alleging in the original complaint complete diversity on the basis that all defendants were citizens of New York or Delaware, not South Dakota, *id.* ¶ 12. In particular, Plaintiff claimed that the LP Defendants were citizens of Delaware because, "[u]pon information and belief," their "partners are citizens of Delaware." *Id.* ¶¶ 4-5. On August 16, 2021, both 700 Milford Holdings and Werner filed pre-

---

[1] Plaintiff describes the property as "the land underneath the historic Milford Plaza Hotel, a 27-floor condominium hotel, which was renamed the Row Hotel." Dkt. 40 at 1.

motion letters seeking leave to move to dismiss. Dkts. 37, 39. 700 Milford Holdings previewed that it expected to argue, *inter alia*, that Plaintiff's merely "conclusory" allegations as to the LP Defendants' citizenship required dismissal. Dkt. 37 at 2. Werner intended to join 700 Milford Holdings's motion in challenging diversity jurisdiction. Dkt. 39 at 1. In response, Plaintiff proposed to amend the complaint "to allege further facts evidencing the diversity of citizenship of the LP Defendants," Dkt. 40 at 2, which the Court allowed, Dkt. 42.

On August 31, 2021, Plaintiff filed that amended complaint. Dkt. 43. The amended complaint alleged, again "[u]pon information and belief," that "any partner" of the LP Defendants "is a citizen of the State of Delaware and/or the State of New York." *Id.* ¶¶ 4-5. The complaint specifically named Milford Plaza LP and RP/HH Milford Plaza Owner GP, LLC as partners of the tenant, RP/HH Milford Plaza Ground Tenant, LP, but did not name any partners of the subtenant, RP/HH Milford Plaza Lessee, LP. *Id.* On September 30, 2021, 700 Milford Holdings moved to dismiss, arguing that the "conclusory allegation[s]" of diversity, including the failures to identify the partners of Milford Plaza LP and of RP/HH Milford Plaza Lessee, LP, required dismissal. Dkt. 50 at 6-8. Again, Werner joined 700 Milford Holdings's motion in relevant part. Dkt. 48-1 at 1, 9.

On October 14, 2021, Plaintiff requested leave to amend once again on the basis that it had recently obtained a Local Rule 26.1 Statement from the LP Defendants, albeit a deficient one, and was seeking an adequate substitute from the LP Defendants to clarify their citizenships.[2] Dkt. 51 at 2. That same day, 700 Milford Holdings opposed the request to amend, arguing that Plaintiff already had two opportunities to adequately allege diversity jurisdiction. Dkt. 52 at 2. On October

---

[2] Local Rule 26.1 instructs a party that is an unincorporated association to "furnish to any other party . . . a verified statement . . . setting forth" the "residence and domicile" of "all of its partners or members." Local Civ. R. 26.1.

22, 2021, the Court granted Plaintiff leave to file another amended complaint. Dkt. 53. One week later, Plaintiff informed the Court that it had "received a complete response to the Rule 26.1 Demand from Tenant and Subtenant," *i.e.*, RP/HH Milford Plaza Ground Tenant, LP and RP/HH Milford Plaza Lessee, LP. Dkt. 54 at 1; *see* Dkt. 64 ("Schwartz Decl."), Exh. A ("Second R. 26.1 Stmt.").

On November 3, 2021, Plaintiff filed the currently operative complaint, the Second Amended Complaint. The Second Amended Complaint alleges that the LP Defendants are unincorporated associations "in turn owned by a series of unincorporated associations which are ultimately owned by" citizens of twenty-three states, the United Kingdom, and Germany, but notably not South Dakota, based on the LP Defendants' Second Local Rule 26.1 Statement. SAC ¶¶ 4-5 (citing Second R. 26.1 Stmt.). In particular, the Second Rule 26.1 Statement indicates that via a series of unincorporated entities, both LP Defendants bear the citizenships of Rockpoint Real Estate Fund III, LP ("Rockpoint Fund III").[3] *See* Second R. 26.1 Stmt. The Statement indicates that Rockpoint Fund III's "investors" are natural persons domiciled in twenty-three states, the United Kingdom, and Germany. *Id.* at 3, 4. Like the LP Defendants, Rockpoint Fund III is a limited partnership. *See* Schwartz Decl., Exh. B.

On November 17, 2021, 700 Milford Holdings moved to dismiss once more on the ground that the LP Defendants are not diverse. Dkt. 63 ("Motion") at 9-12. Again, Werner filed a motion

---

[3] Specifically, Rockpoint Fund III is the sole member of RP Member Milford Plaza Investors LLC, which is a partner of Milford Plaza LP, which is a partner of MP/NS Ground Tenant, LP, which is a partner of MP Ground Tenant PE, LP, which is a partner of MP Ground Tenant, Mezz, LP, which is a partner of one of the LP Defendants, RP/HH Milford Plaza Ground Tenant, LP. *See* Second R. 26.1 Stmt. Rockpoint Fund III is likewise the sole member of RP Member Milford Plaza Investors LLC, which is a partner of Milford Plaza Lessee, LP, which is a partner of MP/NS Lessee, LP, which is a partner of the other LP Defendant, RP/HH Milford Plaza Lessee, LP. *See id.* The LP Defendants, and all of the entities within their chains of ownership, are organized under Delaware law. *See* Schwartz Decl., Exh. D at 1, Exh. A.

to dismiss as well and joined 700 Milford Holdings's motion. *See* Dkt. 61-1 at 8. In support of its motion, 700 Milford Holdings submitted public financial reports reflecting that Rockpoint Fund III's members include the public employee pension funds of Florida, *see* Schwartz Decl., Exh. H at 7, New Hampshire, *see* Schwartz Decl., Exh. G at 3, Oregon, *see* Schwartz Decl., Exh. F at 2, and Pennsylvania, *see* Schwartz Decl., Exh. E at 6. 700 Milford Holdings argues, *inter alia*, that these entities prevent complete diversity because they are stateless citizens. Motion at 9-12. On December 22, 2021, Plaintiff filed an opposition denying the pension fund allegations, resting on the Second Rule 26.1 Statement. Dkt. 67 ("Opposition") at 13. 700 Milford Holdings replied on January 21, 2022. Dkt. 70.

On April 1, 2022, over two months after the motions to dismiss were fully briefed, Plaintiff filed a supplemental letter advising that the LP Defendants submitted revisions to their Second Rule 26.1 Statement. Dkt. 73 at 1. The revisions indicated that "[a]mong the ultimate investors in Rockpoint Real Estate Fund III, L.P. are one or more pension funds." *Id.* at 1, 5. Four days later, 700 Milford Holdings filed a supplemental response arguing that the "revised statement simply confirms 700 Milford's arguments" that diversity is lacking. Dkt. 74 at 2.

## II. Legal Standards

"[B]efore deciding any case," the Court must "assure [itself] that the case is properly within [its] subject-matter jurisdiction." *Landau v. Eisenberg*, 922 F.3d 495, 497 (2d Cir. 2019) (first alteration in original) (quoting *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also Landau*, 922 F.3d at 497. To evaluate that question, "a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

Plaintiff pleads subject matter jurisdiction over this action only pursuant to 28 U.S.C. § 1332.  *See* SAC ¶ 11.  Section 1332 grants a federal court diversity jurisdiction over, *inter alia*, "civil actions" "between . . . citizens of different States" or "between . . . citizens of a State and citizens or subjects of a foreign state," "where the matter in controversy exceeds the sum or value of $75,000."  28 U.S.C. § 1332(a).  "Unlike a corporate entity whose citizenship is determined by its place of incorporation or its principal place of business, the citizenship of an unincorporated association . . . is determined by the citizenship of each of its members."  *United Food & Com. Workers Union, Local 919 v. CenterMark Props.*, 30 F.3d 298, 302 (2d Cir. 1994).  It follows that "[f]or purposes of diversity jurisdiction, a limited partnership has the citizenship[s] of each of its general and limited partners."  *Caren v. Collins*, 689 F. App'x 75, 76 (2d Cir. 2017); *see also Handelsman v. Bedford Vill. Assocs.*, 213 F.3d 48, 51-52 (2d Cir. 2000).

### III.   Analysis

700 Milford Holdings does not dispute that the amount in controversy in this case exceeds $75,000.  But it maintains that Plaintiff has not met section 1332(a)'s diversity requirement.  700 Milford Holdings's argument proceeds in three steps.  First, the partners in Rockpoint Fund III "include several state retirement systems," among other entities.  Motion at 11.  Second, "[c]ourts across the country have repeatedly held that state retirement systems . . . are 'arms of the state,'" a type of "'stateless' citizen[] that destroy[s] diversity jurisdiction."  *Id.*  And third, because the pension funds are not diverse, neither Rockpoint Fund III nor the LP Defendants can be diverse.  *See id.*

Plaintiff initially criticized 700 Milford Holdings' contention that Rockpoint Fund III included state pension funds as the mere "results of a 'google' search," less probative than "sworn statements of parties" like the LP Defendants' Second Rule 26.1 Statement.  Opposition at 12.  As

6

such, Plaintiff argued that "Rockpoint Fund III's investors are individuals," not pension funds. *Id.* at 13. But the LP Defendants subsequently modified that sworn statement to state that while the "ultimate investors" in Rockpoint Fund III include the residents of twenty-three states, Germany, and England, they also include "one or more pension funds." Dkt. 73 at 4-5.

That concession aligns with 700 Milford Holdings's evidence. *See* Schwartz Decl. ¶¶ 7-10, Exhs. E-H. 700 Milford Holdings has submitted financial reports of four state pension funds reflecting that each invested in Rockpoint Fund III close to the time of this suit's filing: (1) the Pennsylvania State Employees' Retirement System 2020 Annual Comprehensive Financial Report, Schwartz Decl., Exh. E, reflecting investment in "Rockpoint Real Estate Fund III," *id.* at 6; (2) the Oregon Public Employees' Retirement Fund Real Estate Portfolio, as of December 31, 2020, Schwartz Decl., Exh. F, reflecting investment in "Rockpoint Real Estate Fund III, L.P.," *id.* at 1; (3) the New Hampshire Retirement System Private Market Investment Overview, as of June 30, 2021, Schwartz Decl., Exh. G, reflecting investment in "Rockpoint Real Estate Fund III, L.P.," *id.* at 2; and (4) the Florida Retirement System Pension Plan and Other State Administered Systems Comprehensive Annual Financial Report for Fiscal Year 2019-2020, Schwartz Decl., Exh. H, reflecting investment in "Rockpoint Real Estate Fund III, L.P.," *id.* at 7. Despite bearing the burden of proof to establish subject matter jurisdiction, *see Makarova*, 201 F.3d at 113, Plaintiff offers no rebuttal to 700 Milford Holdings' evidence that the state pension funds for Pennsylvania, Oregon, New Hampshire, and Florida invested in Rockpoint Fund III. Relying on that evidence, as it may on a challenge to subject matter jurisdiction, the Court finds that these four state pension funds are among Rockpoint Fund III's ultimate investors. *Cf. Herrick Co., Inc. v. SCS Commc'ns., Inc.*, 251 F.3d 315, 325 (2d Cir. 2001) (finding informal law firm biographies sufficient evidence to demonstrate absence of diversity of citizenship despite the law firm's admission of diversity).

7

On Plaintiff's apparent view, the pension funds are limited partners of Rockpoint Fund III. *See* Opposition at 12 (taking the position that the "investors are clearly the partners in" Rockpoint Fund III, as "there is no other way to be an 'investor' in a limited partnership other than by being a limited partner"). The Court agrees that Rockpoint Fund III bears the citizenships of these state pension fund investors. *See Handelsman*, 213 F.3d at 51-52.[4]

The next step in 700 Milford Holdings's argument is that the pension funds are arms of their respective states for purposes of diversity jurisdiction. "[A]n arm of the state" is "not a citizen of any state," and as such "cannot be 'diverse.'" *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014). Plaintiff does not address this point. *See* Opposition at 12-13, Dkt. 74 at 1-2. The Oregon fund that has invested in Rockpoint Fund III has been held to be an arm of the State of Oregon, *see Oregon v. Merck & Co., Inc.*, No. 05 Civ. 1463 (PK), 2006 WL 8459246, at *1 (D. Or. Jan. 25, 2006), and a different Pennsylvania public employees' retirement fund has been held to be an arm of the Commonwealth of Pennsylvania, *see Pa. Pub. Sch. Emps.' Ret. Sys.*, 771 F.3d at 117-18. While determining whether an entity is an arm of the state involves various factors, *see Wilmington Tr. v. Winta Asset Mgmt.*, No. 20 Civ. 5309 (JGK), 2022 WL 2657166, at *3 (S.D.N.Y. July 8, 2022), Plaintiff has failed to argue that these funds are not arms of their states, let alone to offer evidence to establish diverse citizenship for these funds.

---

[4] There is a suggestion that some Rockpoint Fund III investors may have invested through other entities, rather than as partners in Rockpoint Fund III themselves. *See* Motion at 12 (noting that Securities and Exchange Commission filings indicated "that there are several layers of limited partnerships and limited liability companies in Rockpoint Fund III's membership structure"). This complication would not affect the result. If a pension fund was a member of a limited liability company or a limited partnership, which in turn was a partner in Rockpoint Fund III, Rockpoint Fund III would still bear the pension fund's citizenship. *See Handelsman*, 213 F.3d at 51-52 (explaining that limited partnerships and limited liability companies have the citizenships of all of their members). So whether the pension funds are partners in Rockpoint Fund III, or are members of entities that are partners in Rockpoint Fund III, Rockpoint Fund III's citizenship includes the citizenships of the pension funds.

The Court thus assumes, for purposes of this motion to dismiss, that the four pension funds are arms of their respective states. *See Vazquez v. N.Y.C. Dep't of Educ.*, No. 11 Civ. 3674 (AJN), 2015 WL 3619432, at *14 (S.D.N.Y. June 10, 2015) ("Courts generally deem an argument waived or abandoned if a party fails to make it.").

Finally, because Rockpoint Fund III has members that are not citizens of any state, or of any foreign state, it is likewise not a citizen of any state, or of any foreign state, and cannot be diverse. *See Herrick Co.*, 251 F.3d at 322 (explaining that a law firm with partners who were citizens neither of any state nor of any foreign state was not susceptible to diversity jurisdiction); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 69 (2d Cir. 1990) (same); *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 637-38 (7th Cir. 2021) (explaining that "[e]very . . . circuit to have confronted the question has reached the . . . conclusion" that "because a 'stateless' citizen cannot sue or be sued in diversity . . . a single stateless partner destroys diversity" jurisdiction over a partnership). And as summarized previously, the LP Defendants bear the citizenships (or lack thereof) of Rockpoint Fund III. *See* Second R. 26.1 Stmt.

Plaintiff thus has not established subject matter jurisdiction by a preponderance of the evidence. The Court does not reach Defendants' alternative grounds for dismissal. Because this dismissal is for lack of subject matter jurisdiction, it is without prejudice. *See Siegel v. Apergis*, 610 F. App'x 15, 16 (2d Cir. 2015).[5]

---

[5] The Court rejects Plaintiff's argument that the pension funds' citizenships are irrelevant because they are "not named as parties." Dkt. 73 at 1. The LP Defendants are named as parties, and as Plaintiff itself alleges in the Second Amended Complaint, their citizenships turn on the citizenships of the unnamed investors in Rockpoint Fund III, which include the pension funds. Plaintiff's cited case, *Spine Care Delaware, LLC v. State Farm Mutual Automobile Insurance Company*, No. 17 Civ. 1816 (MAK), 2018 WL 574938, at *4 (D. Del. Jan. 26, 2018), is not to the contrary. *See* Dkt. 73 at 1-2. *Spine Care Delaware* merely confirms that "named parties must have complete diversity." *Spine Care Del., LLC*, 2018 WL 574938, at *4. But Plaintiff's problem is its inability to show the diversity of two *named* parties, the LP Defendants.

### IV. Conclusion

For the foregoing reasons, Defendant 700 Milford Holdings's motion to dismiss for lack of subject matter jurisdiction is granted and this action is dismissed without prejudice. The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 61 and 62, to close this case, and to enter judgment.

SO ORDERED.

Dated: July 29, 2022
New York, New York

JOHN P. CRONAN
United States District Judge

---

Similarly, the Court rejects the argument that "passive investors . . . not named as parties" cannot "destroy diversity jurisdiction." Dkt. 73 at 1-2. Limited partners can destroy diversity jurisdiction, *see Caren*, 689 F. App'x at 76, and under Delaware law, "[b]y definition, a limited partner is a passive investor," *In re El Paso Pipeline Partners, L.P. Derivative Litig.*, 132 A.3d 67, 83 n.5 (Del. Ch. 2015), *rev'd on other grounds sub nom. El Paso Pipeline GP Co. v. Brinckerhoff*, 152 A.3d 1248 (Del. 2016). As noted, the LP Defendants are organized under Delaware law. *See* Schwartz Decl., Exh. D at 1, Exh. A.